Bostick & Seymour *vs.* Mendenhall & Kitchell.

The suit is upon five notes of eight thousand dollars each, secured by mortgage, and for the enforcement of the mortgage. The testimony having disclosed that West was a member of the Adams firm when the transactions commenced, but had ceased to be when this suit was instituted, and that Renaud was not a member at first, but became one afterwards, the defendants urged in argument the fact of mis and non-joinder. No plea had been filed. The court gave judgment for the defendants upon the ground urged in argument.

MANNING, C. J. This is manifest error. No exception or plea had been filed, and the court cannot supply one. The judgment of the lower court is based upon the variance of proof and allegation, but the answers admitted that advances had been made by the plaintiffs, and did not deny the composition of the firm as alleged in the petition, and these admissions of record cannot be recalled in argument.

Where a defendant in his answer admits certain allegations of plaintiffs, who are suing as a partnership, to be true, it is a waiver of his right to take any advantage of any variance between the names of the persons stated in the petition as composing the partnership, and those disclosed in the evidence, unless he has by special plea put that variance at issue. Gebecke *v.* Stauby, 1 La. Ann. 17.

But there is another reason that should not be overlooked, of special applicability to this case. The act of mortgage secured the payment of the notes recited in it in favor of any future holder of them. Concede that the firm of Jno. I. Adams & Co., as constituted when the notes were executed, was composed of different persons from those who were members of it when the suit was instituted, as was certainly the case, the new firm was owner of them then, and the stipulation as to any future holder, entitled them to sue upon them in the name of the firm as newly constituted.

*Judgment reversed and for plaintiffs.*

No. 5445.

BOSTICK & SEYMOUR *vs.* MENDENHALL & KITCHELL.

The plaintiffs, a firm of New Orleans, ordered a lot of sheet iron from the defendants, a firm of Cincinnati, on sixty days' time, directing them to hold it until they could

8

Edwards *vs.* Olmstead.

ship it at twenty-five or thirty cents per hundred pounds. Correspondence by telegraph and letter ensued, the defendants repeatedly informing the plaintiffs the iron could not be shipped for less than forty cents, and later, at fifty cents. Finally, the plaintiffs, after long delay, ordered the shipment at best possible rates, and then the defendants inquired how and where payment for the goods was to be made, and the answers thereto were evasive and unsatisfactory, and they did not ship. The suit was for the recovery of four thousand dollars as damages for non-shipment. *Held,* when the failure of the defendants to ship goods was directly caused by the plaintiffs' repeated and express orders to wait for lower freights, and when, finally, the plaintiffs ordered the shipment at best possible rates, with which the defendants were about to comply, but on inquiring about the payment for their goods received answers so evasive and unsatisfactory as to induce a reasonable doubt of the plaintiffs' ultimate intention to pay, the defendants were justified in not shipping.

APPEAL from the Fourth District Court of New Orleans.    LYNCH, J.

*Cohen* for Plaintiffs Appellants.    *Gilmore & Sons* for Defendants.

MANNING, C. J., delivered the opinion, reciting the testimony at length, and affirming the judgment.

---

## No. 6596.

### D. & J. D. EDWARDS vs. L. J. OLMSTEAD ET ALS.    J. M. LEWIS vs. L. J. OLMSTEAD ET ALS.

It is only where there is a contract that the rights given by Arts. 2772, 2773, and 2774 of the Civil Code exist in favor of the mechanics and under-workmen and furnishers of materials.

Notice by the workmen and material-men, after the maturity of an instalment, can have no effect, even though its payment may have been anticipated. Having no contract themselves with the owner, they are only subrogated to the rights of the principal contractor by complying with the provisions of the law and delivering their attested accounts in anticipation of the maturity of an instalment, or the making a payment on the contract.

A workman, who had delivered his attested account to the owner before the maturity of the last instalment, is entitled to payment to the exclusion of those who had not complied with that prerequisite.

APPEAL from the Fourth District Court of New Orleans.    LYNCH, J.

*Hornor & Benedict* and *Baker* for Plaintiffs.    *Clarke, Bayne,* and *Renshaw* for Lewis.    *Forman* for Brien.